**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WESTCHESTER FIRE INSURANCE COMPANY** | * | **CIVIL ACTION NO.: 25-cv-906** |
| | * | |
| **v.** | * | **JUDGE: BRIAN A. JACKSON** |
| | * | |
| **THE SHAW GROUP, INC.; SHAW GLOBAL ENERGY SERVICES, INC.; OCCIDENTAL CHEMICAL CORPORATION; OCCIDENTAL PETROLEUM CORPORATION; and GLENN SPRINGS HOLDINGS, INC.** | * * * * * * * * | **MAG. JUDGE: ERIN WILDER-DOOMES** |

**************************************

**OXY PARTIES' RESPONSE TO THE SHAW PARTIES' MOTION TO DISMISS OR IN THE ALTERNATIVE, STAY CLAIMS FOR DECLARATORY JUDGMENT ON THE DUTY TO INDEMNIFY**

NOW INTO COURT, through undersigned counsel, come Defendants/Counterclaim Plaintiffs Occidental Chemical Corporation, by and through its successor Environmental Resource Holdings, LLC, Occidental Petroleum Corporation, and Glenn Springs Holdings, Inc. (collectively, the "Oxy Parties"), which respectfully file this Response to the Shaw Parties' Motion to Dismiss or in the Alternative Stay Claims for Declaratory Judgment on the Duty to Indemnify (Doc. 50, the "Shaw Parties' Motion To Dismiss or Stay").

For the reasons stated in the Shaw Parties' Motion to Dismiss or Stay and the Oxy Parties' Answer to Second Amended Complaint for Declaratory Judgment and

Counterclaim for Declaratory Judgment (Doc. 49, the "Answer")[1], Plaintiff's claims regarding its duty to indemnify *both* the Shaw Parties and the Oxy Parties in connection with 228 underlying lawsuits that are still in the initial stages of litigation in Delaware state court should be dismissed or stayed *either* (i) now; or (ii) upon resolution of the ripe/justiciable claims regarding the Oxy Parties' status as insureds/additional insureds and Plaintiff's duty to defend Defendants in the underlying lawsuits.[2]

The vast weight of authority—as determined by courts in this district, this circuit, and numerous other state and federal courts—is that questions pertaining to an insurer's duty to indemnify are unripe and not justiciable until resolution of the underlying lawsuit against the insured. *Lexington Ins. Co. v. St. Bernard Par. Gov't*, 548 F. App'x 176, 181 n.5 (5th Cir. 2013) (unpublished) ("[I]f [the insured] is never held liable to the plaintiffs in the 'Underlying Lawsuits,' it will never suffer any harm requiring redress with respect to [the insurer's] indemnity obligation. *Thus, the indemnity claim is not yet ripe*." (emphasis added)); *Coregis Ins. Co. v. Sch. Bd. of Allen Par.*, No. 07-30844, 2008 WL 2325632, at *3 (5th Cir. June 6, 2008) (unpublished) (applying Louisiana law to hold that "the district court erred by addressing the merits of [the insurer's] duty to indemnify. . . . On remand, the district

---

[1] *See* Doc. 49 at ¶ 6 (p 4) and p 34.

[2] Specifically, the Oxy Parties' contend that Plaintiff's claims regarding its duty to indemnify Defendants, including the indemnification issues raised by claims regarding exclusions and/or limitations in the Westchester Policies, include the following counts: Counts I, II, IV, VII, VIII, IX, X, XI, XII. *See* Second Am. Compl. for Declaratory J. (Doc. 46).

court should consider staying [the insurer's] suit or dismissing it without prejudice until the underlying state court action is resolved."); *Those Certain Underwriters at Lloyd's, London v. Med. Fusion, LLC*, No. 1:20-CV-00041, 2020 WL 6050576, at *3 (W.D.N.C. Oct. 13, 2020) ("[R]ather than have the parties continue to litigate what may be a moot issue and what is already being litigated in another court, the Court will stay [the insurer's] duty to indemnify claim.").

Accordingly, federal courts have routinely held that claims for declaratory relief regarding an insurer's duty to indemnify its insured should be dismissed (or stayed). The question is only when to do so. Some courts have elected to dismiss (or stay) the indemnity claims at the outset of the litigation. *See, e.g.*, *Endurance Am. Ins. Co. v. ABC Caulking Contractors, Inc.*, No. CV 20-174, 2021 WL 4097142, at *13 (M.D. La. Sept. 8, 2021) (unreported); *see also U.S. Fire Ins. Co. v. A-Port, LLC*, No. CV 14-441, 2015 WL 1416490 (E.D. La. Mar. 26, 2015) (unreported) (dismissing the duty-to-indemnify claim for lack of ripeness under Rule 12, declining movant's alternative motion for partial stay, and declining to dismiss or stay the duty-to-defend claim).

Other courts have elected to dismiss/stay non-justiciable claims regarding the duty to indemnify when the court decides ripe/justiciable claims (*e.g.*, when ruling on the duty to defend at summary judgment). *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 537 (5th Cir. 2004) ("Because the district court was correct in that determination [that the insurer had a duty to defend], it not only had discretion to refuse to decide the duty-to-indemnify issue, but Texas law clearly

indicated that it would err by doing so because the underlying litigation was not completed."); *Houston Specialty Insurance Co. v. New Jax Condominiums Ass'n Inc.*, No. 13–639, 2013 WL 4089202 (E.D. La. Aug. 13, 2013) (concluding that a duty to defend existed and that a declaratory judgment on the duty to indemnify was premature).

Although the Shaw Parties have opted to move for dismissal of the indemnity claims at the outset of this declaratory judgment action—*i.e.*, via a motion filed in response to the Second Amended Complaint—the Oxy Parties' maintain that the Court can exercise its discretion to dismiss (or stay) the indemnity claims now or after resolving the ripe/justiciable claims, including Plaintiff's claims and the Oxy Parties' corresponding counterclaims for declaratory relief regarding the Oxy Parties' insured status and Plaintiff's duty to defend the Oxy Parties. If the Court defers a determination regarding dismissal of the indemnity claims, then the Oxy Parties anticipate that they will request the Court to dismiss (or stay) the indemnity claims in connection with their anticipated motion(s) for summary judgment regarding their status as insureds under the insurance policies issued by Plaintiff and Plaintiff's duty to defend the Oxy Parties in the underlying lawsuits. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) ("Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court."); *see also Choice Inc. of Texas v. Greenstein*, 691 F.3d 710,

714 (5th Cir. 2012) (holding that ripeness is an issue of the federal court's subject matter jurisdiction).[3]

For the reasons set forth in the Shaw Parties' Motion to Dismiss or Stay, the Oxy Parties' Answer, and this Response to the Shaw Parties' Motion to Dismiss or Stay, Plaintiff's claims for declaratory relief regarding its duty to indemnify Defendants (both the Oxy Parties and the Shaw Parties) are not ripe for determination and should be dismissed or stayed.

This the 10th day of February, 2026.

*/s/Allison B. Parker*
Allison B. Parker (admitted *Pro Hac Vice*)
Carson D. Schneider (admitted *Pro Hac Vice*)
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street
Winston-Salem, NC 27101
Telephone: 336-722-3700
aparker@belldavispitt.com
cschneider@belldavispitt.com

*/s/ Harold J. Flanagan*
Harold J. Flanagan (#24091) (Lead Attorney)
James H. Gilbert (#36468)
Gabrielle A. Ball (#39111)
FLANAGAN PARTNERS LLP
201 St. Charles Ave. Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 569-0235
hflanagan@flanaganpartners.com
jgilbert@flanaganpartners.com
gball@flanaganpartners.com

*Counsel for Occidental Chemical Corporation; Occidental Petroleum Corporation; and Glenn Springs Holdings, Inc.*

[3] Even if the Court defers a determination regarding dismissal of the indemnity claims, Plaintiff should not be permitted to use the discovery process in this declaratory judgment action to investigate, develop, or otherwise "discover" facts regarding its duty to indemnify the Oxy Parties (or the Shaw Parties). Such facts must be investigated, developed, discovered—and ultimately proved or disproved—in the underlying lawsuits. *See, e.g.*, *Pennsylvania Manufacturers' Ass'n Ins. Co. v. North Carolina Mutual Wholesale Drug Co.*, No. 1:19CV1045, 2020 WL 9815386, at *7 (M.D.N.C. 2020) ("[T]o the extent that there are necessary factual issues to be determined in the underlying suits, resolution of the duty to indemnify would be premature, and to the extent discovery is necessary that would overlap with the underlying suits and prejudice [movant], a stay is warranted.").