# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>THE SHAW GROUP, INC.; SHAW GLOBAL ENERGY SERVICES, INC.; THE SHAW GROUP, LLC; OCCIDENTAL CHEMICAL CORPORATION; OCCIDENTAL PETROLEUM CORPORATION; and GLENN SPRINGS HOLDINGS, INC.<br><br>*Defendants*. | Case No. 3:25-cv-00906-BAJ-EWD |

**PLAINTIFF WESTCHESTER FIRE INSURANCE COMPANY'S SUR-REPLY IN FURTHER OPPOSITION TO THE SHAW DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY CLAIMS FOR DECLARATORY JUDGMENT ON THE DUTY TO INDEMNIFY**

Plaintiff Westchester Fire Insurance Company ("Westchester") respectfully submits this Sur-Reply to address caselaw and arguments that the Shaw Defendants[1] raise for the first time in their Reply in further support of their Motion to Dismiss or, in the Alternative, Stay Claims for Declaratory Judgment on the Duty to Indemnify. Namely, this Sur-Reply addresses the Shaw Defendants' reliance upon *Liberty Mutual Fire Insurance Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 535 (5th Cir. 2023) and *Atain Specialty Insurance v. Bourgeois*, No. CV 15-6803, 2016 WL 1545758, *4 (E.D. La. Apr. 14, 2016).

[1] The "Shaw Defendants" refer collectively to CB&I Group, Inc. formerly known as The Shaw Group, Inc. and CB&I Energy Services, LLC, formerly Shaw Global Energy Services, Inc.

**A. The duty to indemnify is justiciable under Louisiana law.**

According to the Shaw Defendants, Westchester "relies on jurisprudence that is no longer controlling." To support that statement, the Shaw Defendants identify a single decision—*American States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir. 1998)—which Westechester cites for the proposition that "[a]n actual controvery may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment." *Id.* at 368. That of course remains a correct statement of Louisiana law. *See, e.g., Penn-America Ins. Co. v. Haros, LLC*, No. 22-00706, 2023 WL 2997863, * 7 (W.D. La. Apr. 3, 2023) (quoting *Bailey*).

That is not the Shaw Defendants' primary criticism of *Bailey*, however. The Shaw Defendants attack Westchester for citing *Bailey's* common-sense proposition that if there is no duty do defend, there is no duty to indemnify. As the Fifth Circuit Court of Appeals stated in *Bailey*, "[l]ogic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Id.* at 368. A federal district court applying Lousiana law reaffirmed that same common-sense proposition **as recently as last week**. *See United Specialty Ins. Co. v. Tahoe Investments, LLC*, No. 25-1501, 2026 WL 775388, *6 (E.D. La. Mar. 19, 2026) ("An insurer owing no duty to defend owes no duty to indemnify."). To be sure, the Fifth Circuith observed in *Liberty Mutual Fire Insurance Co. v. Copart of Connecticut, Inc*. that this "*ipso facto* rule has been abrogated in the years since *Bailey*." 75 F.4th 522, 535 (5th Cir. 2023) (applying Texas law). In other words, under Texas law, there may be scenarios in which an insured has a duty to indemnify, even though it has no duty to defend. But *Bailey's* logic and common-sense still apply in other circumstances, as the abundant Fifth Circuit and Louisana caselaw cited in Westchester's opposition brief confirm.

Indeed, the Shaw Defendants do not dispute—because they cannot dipsute—that the duty to indemnify is justiciable before the insured's liability is determined "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Nationwide Mutual Ins. Co. v. Choi*, No. 23-20405, 2024 WL 2131515, *1 (5th. Cir. May 13, 2024) (internal citations omitted). In *Copart*, the Fifth Circuit reversed the district court's *summary judgment* decision on the duty to indemnify, reasoning that—even though the district court had correctly concluded that there was no duty to defend—it was possible that some conceivable set of facts in the underlying litigation could still establish a duty to indemnify.

Here, by contrast, the duty to defend—to the extent there is any duty to defend under Westchester's umbrella and excess policies—and the duty to indemnify are "negated" for the same reasons. In its opposition to the Shaw Defendants' motion, Westchester identified, by way of example, two exclusions that bar coverage. But Westchester has asserted numerous other defenses to coverage as well, as set forth in its complaint, including defenses on which it is the Shaw Defendants' burden to show coverage in the first instance (*e.g.*, Count IV regarding trigger of the umbrella and excess policies, Count VI regarding whether defendants are "insureds," and Count VII regarding whether the lawsuits allege an "occurrence"). The Shaw Defendants do not address those issues. More tellingly, on the issues touched upon in the parties' briefing so far, the Shaw Defendants wholly ignore the policies' broad "arising out of, resulting from, or in any way related to, in whole or in part" exclusionry language. As in *Copart*, the parties should have an opportunity to fully brief those issues at the appropriate time, either on a motion for judgment on the pleadings or, as necessary, after discovery on a motion for summary judgment. It would be premature for

this Court to conclude at this juncture, on this record, that even if it agrees that there is no duty to defend, some "conceivable set of facts" could still give rise to coverage.

**B. A stay is not warranted.**

Westchester also addresses additional arguments—not raised in the Shaw Defendants' principal brief—for their altarnative position that the *Trejo* factors warrant a stay of the indemnity issues. **First**, contrary to the Shaw Defendants' latest assertions, this Court does not "need to decide if defendants are negligent to declare whether the plaintiffs owed them indemnify for an underlying state court negligenct lawsuit."[2] Rather, as addressed in Westchester's Memorandum of Law in Opposition to the Shaw Defendants' Motion to Dismiss/Stay, and as further addressed above, this Court may determine that there is no duty to indemnify for the same reasons that it determines that there is no duty to defend. Moreover, Westchester is not a party to the underlying state court lawsuits and no coverage issues will be resolved there.

**Second**, the Shaw Defendants are mistaken in contending that this case is similar to *Atain Specialty Insurance v. Bourgeois*, No. CV 15-6803, 2016 WL 1545758, *4 (E.D. La. Apr. 14, 2016), where the court concluded that an insurer had engaged in forum shopping. "[A]s in *Atain*," according to the Shaw Defendants contend, "the timing of the instant action suggest [sic] that Westchester filed in anticipation of litigation . . ."[3] But the insurer in *Atain* was a party to underlying litigation and, as the court noted, filed its declaratory judgment action in federal court "days after the state court action was remanded to state court." *Id*. at *4. There are no similar facts to suggest forum shopping in this case. Among other things, the Shaw Defendants have not indicated that they intended to file suit against Westchester first (likely because Westchester is

---

[2] Shaw Defendants Reply at 9.
[3] *Id.*

defending Westchester under a reservation of rights). Moreover, in contrast to the insured in *Atain*, the Shaw Defendants do not dispute that this Court may decide the duty-to-defend issues, completely undercutting their position that this forum is somehow inappropriate for indemnity issues.

**Third**, contrary to the Shaw Defendants' assertion, "[a] ruling from this court regarding the scope of coverage for indemnity" will not "be preclusive on the issue in state court."[4] Once again, the Shaw Defendants cite *Atain* for the proposition that federal courts disfavor "'first to the finish line' strategic behavior." But again, Westchester is not a party to the underlying state-court litigation and, more importantly, none of the coverage issues will be decided in that litigation.

Therefore, for the reasons addressed in Westchester's Memorandum of Law in Opposition to the Shaw Defendants' Motion to Dismiss or, in the Alternative, Stay Claims for Declaratory Judgment on the Duty to Indemnify, and as further addressed above, Westchester respectfully requests that the Shaw Defendants' motion be denied.

Respectfully submitted,

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

Dated: March 25, 2026

By: *<u>/s/ Ronald P. Schiller</u>*
Ronald P. Schiller
Michael R. Carlson (*pro hac vice*)
Erin Gallagher (*pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Facsimile: (215) 568-0300
Email:rschiller@hangley.com
mcarlson@hangley.com
egallagher@hangley.com

-and-

---

[4] *Id*. at 10.

**CHAFFE MCCALL, LLP**

Leah N. Engelhardt (#23232)
Rachel A. Meese (#25457)
William M. Kelly (#39234)
1100 Poydras St., Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Email: engelhardt@chaffe.com
rachel.meese@chaffe.com
william.kelly@chaffe.com

*Counsel for Plaintiff Westchester Fire Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026, I caused true and correct copies of the foregoing and all papers supporting the motion to be served on all counsel of record by filing same with the Court's ECF filing system, by operation of which all counsel of record has been served electronically.

By: */s/ Ronald P. Schiller*
Ronald P. Schiller