**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WESTCHESTER FIRE INSURANCE COMPANY** | **CIVIL ACTION**

**VERSUS**

**THE SHAW GROUP, INC., ET AL.** | **NO. 25-00906-BAJ-EWD**

## RULING AND ORDER

Before the Court is a **Motion To Dismiss Or In The Alternative, Stay Claims For Declaratory Judgment On The Duty To Indemnify (Doc. 50)** by Defendants CB&I Group, Inc. and CB&I Energy Services, LLC, formerly known as The Shaw Group, Inc. and Shaw Global Energy Services, Inc., respectively (and now collectively, the "Shaw Parties"). Plaintiff Westchester Fire Insurance Company ("Westchester" or "Plaintiff") opposes the Motion. (Doc. 61). Shaw Parties filed a reply (Doc. 65). Plaintiff filed a sur-reply. (Doc. 71). Defendants/Counterclaim Plaintiffs Occidental Chemical Corporation, Environmental Resource Holdings, LLC, Occidental Petroleum Corporation, and Glenn Springs Holdings, Inc. (collectively, the "Oxy Parties") filed a response. (Doc. 58). For the following reasons, the Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

In this insurance dispute, Plaintiff-Insurer Westchester Fire Insurance Company seeks a declaratory judgment that it owes no coverage under an umbrella liability insurance policy issued to Defendant-Insured Shaw Parties for alleged

"pollution-related bodily injury arising from activities" at the River Road Facility, a chlor-alkali facility in Delaware (Doc. 46 ¶¶ 1-2). The lawsuits allege the River Road Facility is owned and operated by the Oxy Parties and that the Shaw Parties provided contracted decommissioning and demolition services at the facility between 2005 and 2015. (*Id.* ¶¶ 24, 26). The Shaw Parties are the named insured for the Westchester policies under which the Shaw Parties and the Oxy Parties seek coverage. (*Id.* ¶¶ 2-3). These alleged injuries resulted in 227 "virtually identical" still-pending lawsuits being brought against Defendants in Delaware state courts. (*Id.* ¶¶ 18-19). (*Id.* ¶ 24). "The plaintiffs in the underlying lawsuits allege that they performed work at the River Road Facility, where they came into contact with, were exposed to, inhaled, ingested, and/or otherwise absorbed dangerous levels of mercury, mercury vapors, and other toxic chemicals." (*Id.* ¶ 30).

The Shaw Parties seek coverage for the underlying lawsuits under the Westchester-issued umbrella liability policies for years 2003 to 2013. (*Id.* ¶ 32, 47). The Oxy Parties seek coverage for the underlying lawsuits as additional insureds on several of the same policies issued to Shaw Parties by Westchester. (*Id.* ¶¶ 51-52). Plaintiff asks the Court to rule that it has no duty to defend or indemnify Defendants for these claims due to several policy exclusions, including, but not limited to: 1) Silica, Dust and Particulate Matter Exclusion; 2) "Total Pollution" Exclusion; 3) Employer's Liability Exclusion; 4) Workers Compensation Exclusion; and, 5) lack of coverage for parties that are not an "Insured". (*Id.* ¶ 4).

## II. PROCEDURAL BACKGROUND

On October 9, 2025, Plaintiff filed a Complaint in this Court against Defendants seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that "it has no obligation to defend or indemnify the Defendants with regard to the claims asserted in the hundreds of cases filed against them." (Doc. 1 ¶ 6). On January 2, 2026, Plaintiff filed the operative Second Amended Complaint for Declaratory Judgment to include additional exhibits. (Doc. 46). The Shaw Parties then filed the instant Motion to Dismiss, asking the Court to dismiss and/or stay as premature Plaintiff's claims for a declaratory judgment regarding its duty to indemnify, only, arguing the issue is non-justiciable until liability and damages are determined in the underlying lawsuits. (Doc. 50-1 at 1). Plaintiff opposes the Motion. (Doc. 61). Both parties filed replies. (Docs. 65 and 71). The Oxy Parties filed a Response indicating their support of Plaintiff's indemnity claim being dismissed or stayed because it is not ripe. (Doc. 58).

## III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig,* 688 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quoting *Home Builders Assn. Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) attack before

addressing any challenge on the merits of the claims. *Id.* A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

A motion to dismiss under 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

## IV. DISCUSSION

The Shaw Parties move to dismiss Plaintiff's declaratory relief claims regarding Plaintiff's duty to indemnify, only, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 50 at 1). Alternatively, the Shaw Parties ask the Court to dismiss or stay Plaintiff's claim for declaratory relief on the issue of indemnity as premature using its discretion under the Declaratory Judgment Act because the underlying issue of the Shaw Parties' liability is currently the subject of at least 227 pending lawsuits in Delaware state courts, and the duty to indemnify is not justiciable until the liability and damages are determined in those lawsuits. (*Id.*; Doc. 50-1 at 1). Plaintiff counters that the duty to indemnify *is* justiciable at this time "[b]ecause there is no conceivable proof that could be developed in the underlying Delaware litigation that could establish coverage under the Westchester policies." (Doc. 61 at 6).

"Under Louisiana law, as interpreted by this Court and others, the question of whether an insurer owes a duty to indemnify is generally unripe until resolution of the underlying lawsuit against the insured." *Endurance American Ins. Co. v. ABC Caulking Contractors, Inc.*, 2021 WL 4097142, *4 (M.D. La. Sept. 8, 2021) (deGravelles, J.). "[T]he duty to indemnify cannot be determined until the insured's liability has been resolved, because the duty to indemnify 'is triggered by the actual facts that establish liability in the underlying suit.'" *Columbia Cas. Co. v. Georgia & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) (quoting *Guar. Nat'l Ins. Co. v.*

*Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000)). However, as Plaintiff notes, the duty to indemnify *can* be justiciable before liability is resolved, but only "when the insurer has no duty to defend and the same reasons that negate the defense likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.* at 111; (Doc. 61 at 7, 14-15).

"[T]his exceedingly 'narrow exception' is invoked when 'there is *no possibility* that the insurer will ever have a duty to indemnify.'" *Endurance American,* 2021 WL 4097142, at *8 (quoting *Arch Insurance Co. v. Outreach Comm. Dev. Corp.*, 2017 WL 8944048, at *7 (M.D. La. Dec. 21, 2017) (deGravelles, J.)) (emphasis original). The exception "is not necessarily invoked simply because the insurance policy appears to exclude coverage for the claims based on the allegations made in the complaint. If there is a slight possibility that any one of the claims will 'broaden or change' such that it might be covered under the policy, then the exception is not satisfied; the indemnity obligation is premature until the insured's liability is determined." *Id.*

The Parties' main dispute appears to be whether this narrow exception applies here. The Court finds its ruling in *Arch Insurance* instructive in this regard. 2017 WL 8944048. In that case, an insurer similarly sought declaratory judgment that it owed no duty to defend or indemnify its insured for liability that may arise from pending lawsuits. *Id.* The Court ruled on summary judgment that there was no duty to defend but still denied the insurer's motion with respect to the duty to indemnify because it was unripe and nonjusticiable. *Id.* at *7. The Court reasoned that despite the "eight corners" of the complaint and policy foreclosing coverage, it was still "*possible* that

the underlying action [would] broaden or change to encompass some claim that might be covered" and that there was "little risk in leaving the duty to indemnify to be decided at another time in view of the facts as they actually exist." *Id.* (emphasis original).

Here, Plaintiff's duty to defend has not yet been determined. Though the issue is in dispute in this action, the Shaw Parties do not ask the Court to rule on the issue in the instant Motion and seek only to dismiss or stay Plaintiff's claim regarding its duty to indemnify. (Doc. 50-1 at 12-13; Doc. 61 at 16). However, the "narrow exception" for justiciability of indemnity claims at this early stage of litigation requires there to be no duty to defend. *Columbia Cas. Co.,* 542 F.3d at 111. If an insurer's duty to indemnify was non-justiciable when the Court had already found no duty to defend, as in *Arch Insurance*, there is even less reason to find it justiciable when the duty to defend has yet to be determined. 2017 WL 8944048, at *7. Added to the fact that the hundreds of underlying lawsuits that may determine the Shaw Parties' liability have barely reached the discovery phase (Doc. 50-1 at 3), and the little information that has been pled with respect to their factual allegations and the policy exclusions that allegedly apply, it is nowhere near clear that that "there is no possibility that the insurer will ever have a duty to indemnify" such that the Court may rule on the issue. *Endurance American,* 2021 WL 4097142, at *8. Thus, similar to the Court's findings in *Arch Insurance* and *Endurance American*, the Court finds that Plaintiff's claims for declaratory judgment regarding its duty to indemnify are not ripe for review and therefore non-justiciable at this time.

Now, as in *Endurance American*, the Court must decide how to proceed via one of three potential pathways: grant the instant Motion and dismiss the indemnity claims without prejudice, deny the Motion and decline to rule on the duty to indemnify until the underlying lawsuits are resolved, or stay the action with respect to the indemnity claim only. 2021 WL 4097142, at *13-15. There, the Court considered and dismissed the third pathway for its lack of precedent and "unworkab[ility]" and ultimately decided to dismiss the indemnity claims without prejudice. *Id.* Because this case is similar in its posture to *Endurance American*, in that the duty to defend remains a pending issue, the Court will follow its precedent and dismiss the claim without prejudice, finding "little risk in leaving the duty to indemnify to be decided at another time." *Arch Insurance.*, 2017 WL 8944048, at *8; *see also U.S. Fire Ins. Co. v. A-Port, LLC,* 2015 WL 1416490, at *5 (E.D. La. Mar. 26, 2015) (granting motion to dismiss indemnity claim without prejudice while duty-to-defend claim remained pending).

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss Or In The Alternative, Stay Claims For Declaratory Judgment On The Duty To Indemnify (Doc. 50)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for declaratory judgment regarding its duty to indemnify is **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 26th day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**